UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, <br><br> Plaintiff, <br><br> v. <br><br> TANISHA QUIROGA and BADEUX, <br><br> Defendants. | CAUSE NO. 1:24-CV-528-PPS-AZ |

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint about not receiving a medically adequate diet when he was detained at the Allen County Jail. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges he is on a gluten-free medical diet, but frequently throughout his detention at the Allen County Jail in 2024, he was served meal trays that contained gluten. He alleges this error continued even after he complained. He says he was forced, therefore, to choose between eating food that would cause him painful digestion and bowel movements or going hungry.

Dewey alleges he was a pretrial detainee at the time, and public records reflect that his status changed from pretrial detainee to convicted prisoner on September 6, 2024, when he was sentenced on one of his criminal cases. *See State v. Dewey*, No. 02D05-2012-F1-000024 (Allen Super. Ct. decided Sept. 6, 2024) (sentenced on September 6, 2024). While Dewey was a pretrial detainee, he was subject to the protections of the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Among other things, detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Detainees also cannot be denied necessary medical care. *Miranda*, 900 F.3d at 353-54. Here, Dewey has plausibly alleged that although he had been granted a medical diet, he received the wrong food tray often enough that he was denied a constitutionally adequate diet.

But in order to hold an individual defendant personally liable, Dewey must plausibly allege that the defendant's action or inaction regarding his meals was objectively unreasonable. *See Hardeman*, 933 F.3d at 822–23. First, the defendant must have made a volitional act or made a deliberate choice not to act. *Pittman v. Madison Cnty.*, 108 F.4th 561, 570 (7th Cir. 2024). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of

constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (citation omitted, emphasis in original). Then, the action or inaction is evaluated for objective reasonableness, taking into account the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). The reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). An action can be objectively unreasonable when "it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398).

Dewey first sues Tanisha Quiroga, the kitchen supervisor who oversees diet trays in the kitchen. He has plausibly alleged that she was aware of Dewey's need for a specialized diet and yet failed to take reasonable steps to ensure that Dewey would receive adequate food. He may proceed against her.

Next, Dewey sues a correctional officer, Officer Badeaux, for an incident that occurred on August 23, 2024. His dinner tray that night was not medically appropriate because it contained gluten. When he told Officer Badeaux about it, the officer said he would come back with a medically appropriate tray, but he never did. Dewey had to go without dinner that day.

I will allow Dewey to proceed against Officer Badeaux. If Officer Badeux's involvement is limited to this one missed meal, his actions could not be said to have denied Dewey a reasonably adequate diet. One missed meal is not of constitutional

3

concern, and Officer Badeaux cannot be held responsible for the actions of others who may have denied Dewey meals. But given the ongoing nature of Dewey's meal tray problems, I will allow him to proceed against Officer Badeaux on the assumption that he had more involvement than just this one incident.

Finally, Dewey sues Tommy Wacasey and Gabriel Wright, two officers who handled his grievances about his food issues. He alleges that whenever he reported a grievance about not receiving medically appropriate food, he was always given what he considered to be a "nonresponse," telling him only that they will look into it. Then, his grievances were closed without further action, yet he would still get wrong meal trays.

These allegations do not state a claim against the grievance officers. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Walker v. Rowald*, No. 23-1398, 2023 WL 6818157, at *1 (7th Cir. Oct. 17, 2023) (unreported) ("[B]ecause prisoners do not have a standalone constitutional right to an effective grievance procedure, the alleged mishandling of his grievances was not itself a constitutional violation."). Grievance officers cannot ignore ongoing constitutional violations that they become aware of. But their role is limited to processing the grievances, not to ensure that the appropriate staff member follows up to remedy the underlying violation. *See Burks v. Raemisch*, 555 F.3d 592, 594–95 (7th Cir.

2009). Dewey alleges that the grievance officers said they would look into it, and there are no allegations that allow me to infer they didn't.

For these reasons, the court:

(1) GRANTS Charles Lee Dewey, III, leave to proceed against Tanisha Quiroga in her individual capacity for compensatory and punitive damages for not taking reasonable actions to ensure that Dewey was provided with adequate food that accommodated his medically necessary diet while detained at the Allen County Jail in 2024 in violation of the Fourteenth Amendment;

(2) GRANTS Charles Lee Dewey, III, leave to proceed against Officer Badeux in his individual capacity for compensatory and punitive damages for unreasonably failing to remedy when Dewey was served a medically inappropriate diet at the Allen County Jail in 2024, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Tommy Wacasey and Gabriel Wright;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Tanisha Quiroga and Officer Badeux at the Allen County Jail, with a copy of this order and the complaint [ECF 1];

(6) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Tanisha Quiroga and Officer Badeux to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 11, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT